# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FRICTIONLESS WORLD, LLC | ) | Case No. 19-18459 MER |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FRICTIONLESS WORLD LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 19-01282 MER |
| | ) | |
| FRICTIONLESS LLC, CHANGZHOU INTER UNIVERSAL MACHINE & EQUIPMENT CO., LTD, LI ZHIXIANG, CHANGZHOU ZHONG LIAN INVESTMENT CO. LTD., SERENA LI, AND FRANK LI, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OBJECTION TO DEFENDANTS MINGSU LI AND JUN LI MOTION TO WITHDRAW THE REFERENCE

Plaintiff Frictionless World, LLC ("FW"), through undersigned counsel, hereby submits its Objection to the Motion to Withdraw the Reference filed by Mingsu Li and Jun Li as follows:

**I.     INTRODUCTION**

The Motion to Withdraw the Reference filed by Mingsu Li and Jun Li is a premature attempt to move the claims asserted against the Lis from the Bankruptcy Court. The Lis incorrectly contend that that their right to a jury trial, which may or may not ultimately materialize, on non-core claims, mandates immediate withdrawal to the District Court. To arrive at this conclusion, however, the Lis ignore the well-established practice of keeping such claims in the

Bankruptcy Court for all pre-trial matters. Withdrawal of the reference is only appropriate if and when the case is trial ready. The Lis argue that, under *Stern v. Marshall*, 564 U.S. 2 (2011) and its progeny, non-core claims require immediate withdrawal of the reference. This overbroad interpretation of *Stern* has been explicitly rejected. As the Lis acknowledge in their conclusion, even if the Bankruptcy Court determines that FW's claims are non-core, the Bankruptcy Court is not precluded from supervising all pre-trial proceedings, with any proposed findings of fact and conclusions of law subject to the district court's *de novo* review. Nor does the right to a jury trial mandate immediate withdrawal of the reference; the Bankruptcy Court retains the authority to handle and decide all pre-trial matters. Moreover, the Lis' claimed right to a jury trial may be rendered moot should the case be resolved as a matter of law, through dispositive motions or otherwise. As such, withdrawing the reference is premature, unless and until the right to a jury trial is concrete and trial is imminent.

The Lis also contend that judicial economy will be furthered if the claim against the Lis are immediately withdrawn to the District Court. This contention is utterly without merit. In fact, each of the Lis is an officer of Defendants CIU and ZL Investments and related to Defendant Li Zhixiang, for which reason sending the proceeding against them to a different forum simply creates duplicity and encourages conflicting rulings. Further, said contention is based upon a false premise, namely that the Bankruptcy Court has already resolved motions filed by those related defendants to compel arbitration with regards to them and stay the proceeding. In fact, no such ruling has occurred and, at a minimum, the reference should not be withdrawn until such motions are resolved by the Bankruptcy Court. Rather than promote judicial economy, withdrawing the reference simply permits the Lis to continue their improper gamesmanship through ducking service and attempting everything in their power to avoid having the Bankruptcy Court make any

substantive ruling with respect to any Defendant and any claim plead. Cause under 28 U.S.C. §157(d) does not exist for immediate withdrawal and the Motion should be denied.

## II. DESIGNATION OF RECORD

Pursuant to L.B.R. 5011-1(c), FW designates the following portions of the record in Adversary Proceeding No. 19-1282-MER for determination of the Motion:

| Docket No. | Document |
|---|---|
| 1 | Complaint |
| 4 | Motion for Temporary Restraining Order and Motion for Preliminary Injunction |
| 5 | Temporary Restraining Order |
| 12 | Stipulation and Joint Motion Regarding Scheduling |
| 13 | Order Granting Stipulation |
| 19 | Motion to Compel Debtor to Arbitrate |
| 20 | Motion to Dismiss Adversary Proceeding |
| 21 | Objection to Motion for Temporary Restraining Order and Motion for Preliminary Injunction |
| 22 | Arbitration Defendants' Memorandum of Law |
| 25 | Motion for Order Authorizing Alternative Forms of Service |
| 26 | FW's Response to Motion to Compel, Motion to Dismiss, and Objection |
| 27 | Objection to Motion for Order Authorizing Alternative Forms of Service |
| 28 | Motion for Withdrawal of the Reference |
| 30 | Committee's Joinder to FW's Response to Motion to Compel, Motion to Dismiss, and Objection |
| 31 | Arbitration Defendants' Reply |

## III. BACKGROUND FACTS

1. On October 9, 2019, FW commenced an adversary proceeding (the "Adversary Proceeding") against each of the relevant defendants in this dispute by filing a Complaint against Defendants Frictionless LLC, Changzhou Inter Universal Machine & Equipment Co., LTD ("CIU"), Li Zhixiang ("Li"), Changzhou Zhong Lian Investment Co. LTD ("ZL Investments" and, with Frictionless, LLC, CIU, and Li, the "Arbitration Defendants"), Mingsu "Serena" Li and Jun "Frank" Li. *See* Docket No. 1. Fourteen claims for relief are plead in the Complaint against the Defendants.

2. On October 11, 2019, FW filed a motion in the Adversary Proceeding (the "Injunction Motion") against the Arbitration Defendants seeking a temporary restraining order and preliminary injunction enjoining the continued prosecution of an arbitration between FW, FW's CEO Dan Banjo and the Arbitration Defendants that was pending on the date the bankruptcy was filed (the "Arbitration"). *See* Docket No. 4. The Court granted the temporary restraining order. *See* Docket No. 5.

3. In response to the Complaint, the Arbitration Defendants—but not Defendants Mingsu and Jun Li—filed a flurry of motions in the main case and the Adversary Proceeding in an effort to litigate all of the claims set forth against them in the Adversary Proceeding in arbitration. Those motions are referred to collectively hereinafter as the "Arbitration Motion." *See* Docket Nos. 19-22.

4. FW filed a combined response to the Arbitration Motion. *See* Docket No. 26.

5. A preliminary hearing was conducted on the Injunction Motion and Arbitration Motion on December 6, 2019. No testimony from witnesses was heard at the preliminary hearing. At the conclusion of the hearing, the Bankruptcy Court took the matter under advisement.

6. Prior to the hearing, FW filed a Motion for Order Authorizing Alternative Forms of Service on Defendants Mingsu and Jun Li (the "Service Motion"). *See* Docket No. 25. Mingsu and Jun Li filed a "Special Objection" to the Motion. *See* Docket No 27. FW obtained an extension to reply to December 12, 2019.

7. In their Special Objection to the Service Motion, the Lis argue that they should be permitted to continue evading service.

**IV. ARGUMENT**

4

### A. The Lis Have Not Demonstrated Cause for Permissive Withdrawal

Under 28 U.S.C. § 157(d), the District Court may withdraw the reference on the motion of a party "for cause shown." In determining whether cause exists, courts consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtors' and creditors' resources, expediting the bankruptcy process, and the right to a jury trial. *See, e.g., Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co., et al. (In re Centrix Financial LLC)*, 2011WL63505, at *4-6 (D. Colo. Jan. 7, 2011). Withdrawal of the reference, however, should not be used as a litigation tactic to avoid the bankruptcy court. *Northeast Indus. Dev. Corp. v. Parkstone Capital Partners, LLC, et al. (In re Northeast Indus. Dev. Corp.)*, 2014 WL 2253322, at *3 (S.D.N.Y. May 28, 2014). The Lis argue that cause exists because the Lis have not filed a proof of claim in the underlying bankruptcy case and: (1) FW's claims are non-core; (2) the Lis have a right to a jury trial; and, (4) judicial economy will be furthered by withdrawal. Even if FW's claims are non-core and the Li are entitled to a jury trial, immediate withdrawal is not warranted. Nor do the remaining factors support withdrawal at this time.

### 1. Non-Core Claims do not Mandate Immediate Withdrawal of the Reference.

The classification of statutory "core" and "non-core" claims and their treatment by a bankruptcy court does not support immediate withdrawal of the reference. *See Centrix v. Nat'l Union*, 2011 WL 63505, at *5 (resolving whether claims are "core" need not change the outcome of a motion to withdraw the reference and noting that "'[b]ecause the classification of a matter as core or non-core is not wholly determinative, these factors of judicial economy must be considered regardless of the outcome' of the core/non-core inquiry.") (citing *McCord v. Papantaniou*,316 B.R. 113, 125 (E.D.N.Y. 2004)). Here, whether the Bankruptcy Court determines that the Trustee's claims are core or non-core is of no moment; this determination only dictates whether a

5

final order can be entered by the Bankruptcy Court. Even if it cannot, as the Lis concede, the Bankruptcy Court can still preside over all pre-trial matters and render a decision on the merits, subject to District Court *de novo* review as necessary:

> If a case is non-core and a jury demand has been filed, a district court might find that the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference. However, a district court also might decide that a case is unlikely to reach trial, that it will require protracted discovery and court oversight before trial, or that the jury demand is without merit, and therefore might conclude that the case at that time is best left in the bankruptcy court.

*Centrix v. Nat'l Union*, 2011 WL 63505, at *6 (quoting *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101-02 (2d Cir. 1993)); *see also Exec. Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165, 2174-75 (2014). Thus, regardless of the core/non-core distinction, practice in this District dictates that immediate withdrawal is not necessary. *See Smiley v. Talley (In re American Title Services Co.)*, 2015 WL 13229210 (D. Colo. 2015) (Brimmer, J.).

### 2. Regardless of Whether a Jury Trial is Ultimately Necessary, Withdrawal of the Reference is Premature.

The Lis argue that because they are entitled to a jury trial, immediate withdrawal of the reference is warranted. Even if the Lis are entitled to a jury trial, withdrawal is premature. This case may be summarily adjudicated, rendering the right to a jury trial moot. Moreover, the practice is this District directs the Bankruptcy Court to conduct all pre-trial proceedings unless and until a jury trial is necessary. The right to a jury trial does not mandate or require that the reference of the case to the Bankruptcy Court be withdrawn, nor does it divest the Bankruptcy Court of the authority to resolve pre-trial matters. *See Smiley v. Talley*, 2015 WL 13229210, * 2. It is within the District Court's discretion to determine at what stage in the proceedings the reference should be withdrawn. *Id.* The Bankruptcy Court has authority, even when a jury trial has been

demanded, to supervise discovery, conduct pre-trial conferences, and rule on pre-trial motions, including dispositive motions. *Berger v. Watrous & Ehlers et al (In re Kirk E. Douglas, Inc.)*, 170 B.R. 169, 170 (D. Colo. 1994); *see also Depositors Ins. Co. v. Heartland Bank et al.*, 2007 WL 2461107, at *2 (E.D. Mo. Aug. 24, 2007) ("The Bankruptcy Court can maintain the adversary proceeding, make interlocutory orders and dispositive motion rulings, then transfer the proceedings to the District Court for jury trial in the event that becomes necessary.").

A right to jury trial is commonly rejected as cause for permissive withdrawal. *Centrix v. Sutton*, 2009 WL 1605826, at *3 (withdrawal of the reference when defendants have a right to a jury trial "is not mandated under the Seventh Amendment or § 157(d) and would contravene the well-founded practice of courts in this District"). A Bankruptcy Court's pre-trial management does not infringe on a party's right to a jury trial, but rather narrows or eliminates issues for trial. *See Jobin v. Kloepfer (In re M & L Business Machine Co. Inc.)*, 159 B.R. 932, 934 (D. Colo. 1993); *Berger v. Watrous*, 170 B.R. at 170 (right to jury trial not adversely affected if withdrawal is delayed until matters are ready for a jury trial). The Lis' jury demand does not warrant withdrawal of the reference at this stage of the case.

### 3.     It Will Not Be More Efficient to Withdraw the Reference.

The Lis argue that, because this case must ultimately be tried in District Court, immediate withdrawal is appropriate. Courts have "repeatedly held that where the bankruptcy court possesses more familiarity with facts of a case incident to its management of the bankruptcy proceedings, withdrawal of the reference to bankruptcy court should be delayed until the case is ready for trial." *Centrix v. Nat'l Union*, 2011 WL 63505, at *4; *see also Loveridge v. Johnson et al. (In re South Valley Health Center, LLC)*, 2013 WL 2387678, at *2 (D. Utah May 30, 2013)

7

(denying withdrawal of the reference promotes "the division of labor between this [District] Court and the Bankruptcy Court established by Congress").

The Lis also gloss over the fact that there are four other defendants, all of which are related to the Lis and three of which are corporate entities that the Lis have some degree of direct control over, that have not sought to withdraw the reference. Withdrawing the Lis to District Court while the other four defendants remain in Bankruptcy Court would be duplicative, encourage conflicting rulings and constitute a waste of judicial resources.

V.     **CONCLUSION**

Immediate withdrawal of the reference is neither mandated, nor warranted.   The Lis have failed to demonstrate sufficient cause for permissive withdrawal and instead seek a result that runs counter to well-settled bankruptcy law and practice. Maintaining the reference in the Bankruptcy Court unless and until trial is imminent comports with post-*Stern* decisions in this district and promotes judicial economy.

WHEREFORE, FW respectfully requests that the Court deny the Lis' Motion to Withdraw the Reference and grant such other relief as deemed appropriate.

DATED this 9th day of December, 2019.

Respectfully submitted,

WADSWORTH GARBER WARNER CONRARDY, P.C.

*/s/ David V. Wadsworth*
David V. Wadsworth, #32066
Aaron J. Conrardy, #40030
2580 West Main Street, Suite 200
Littleton, Colorado 80120
303-296-1999 / 303-296-7600 FAX
dwadsworth@wgwc-law.com
aconrardy@wgwc-legal.com

THOMAS P. HOWARD, LLC

*/s/Thomas P. Howard*
Thomas P. Howard, #31684
Olayinka L. Hamza, #44523
842 W. South Boulder Rd., Ste. 100
Louisville, CO   80027
303-665-9845 / 303-665-9847 FAX
thoward@thowardlaw.com
ohamza@thowardlaw.com

*Attorneys for Frictionless Word, LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2019, true and correct copies of the foregoing **PLAINTIFF'S OBJECTION TO DEFENDANTS MINGSU LI AND JUN LI MOTION TO WITHDRAW THE REFERENCE** was served via CM/ECF and email on the following:

Peter Cal
pcal@shermanhoward.com

Eric Johnson
ejohnson@shermanhoward.com

Brian Koosed
briankoosed@klgates.com

Robert T. Honeywell
Robert.Honeywell@klgates.com

Risa Lynn Wolf-Smith
rwolf@hollandhart.com

Stephen M. Packman
spackman@archerlaw.com


*/s/ David V. Wadsworth*
WADSWORTH GARBER WARNER CONRARDY, P.C.