IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-03583-CMA
Related Case No. 19-18459-MER and Adversary Proceeding No. 19-01282 MER

In re:

FRICTIONLESS WORLD, LLC,

Debtor.

―――――――――――――――――――――――――――――――――――――――――

FRICTIONLESS WORLD, LLC,

 Plaintiff,

v.

FRICTIONLESS, LLC,
CHANGZHOU INTER UNIVERSAL MACHINE & EQUIPMENT CO., LTD.,
LI ZHIXIANG,
CHANGZHOU ZHONG LIAN INVESTMENT CO. LTD.,
SERENA LI,
FRANK LI,
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *Creditor Committee*,

 Defendants.

―――――――――――――――――――――――――――――――――――――――――

**ORDER GRANTING MOTION TO WITHDRAW AUTOMATIC REFERENCE
TO THE BANKRUPTCY COURT**

―――――――――――――――――――――――――――――――――――――――――

  This matter is before the Court on the Motion of Defendants Mingsu Li and Jun Li to Withdraw Automatic Reference to the Bankruptcy Court, Jury Demand, and Reservation of Rights, wherein Mr. and Mrs. Li (together "Movants") move the Court to enter an order withdrawing the reference of this action to the Bankruptcy Court solely

with respect to all claims asserted against them. (Doc. # 1.) For the reasons that follow, the Court grants the instant Motion but remands the action to the Bankruptcy Court to consider and determine all pre-trial matters.

## I.	BACKGROUND

Frictionless World LLC ("the Debtor") filed its above-captioned bankruptcy case under Chapter 11 of the Bankruptcy Code on September 30, 2019, and initiated the above-captioned adversary proceeding by filing its Complaint for Turnover of Property of the Estate, Claim Disallowance, Avoidance, Damages, and Injunctive Relief on October 9, 2019. The Complaint asserts claims against Movants for damages based on alleged fraudulent transfers and common law torts—i.e., fraudulent misrepresentation, negligent misrepresentation, unjust enrichment, and civil conspiracy. Movants have not filed any claims against the Debtor's estate.

Movants seek withdrawal of the automatic reference of this action to the United States Bankruptcy Court for the District of Colorado ("the Bankruptcy Court") with respect to the claims asserted against them by the Debtor on two grounds. First, they seek to protect their right to have the Debtor's claims against them decided by an Article III court, arguing that Supreme Court precedent establishes that the Bankruptcy Court cannot constitutionally enter final judgment on those claims. Second, they seek to protect their right to a trial by jury on claims covered by the Seventh Amendment. Debtor Frictionless World objected to the Motion (Doc. # 8), and Movants filed a reply (Doc. # 9).

## II. DISCUSSION

### A. APPLICABLE LEGAL PRINCIPLES

District courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). 28 U.S.C. § 157(a) permits the district courts to refer actions within their bankruptcy jurisdiction to the bankruptcy judges of those courts. In the District of Colorado, all title 11 cases and proceedings are automatically referred to the Bankruptcy Court pursuant to D.C. Colo. L.Civ.R. 84.1(a). Although all civil proceedings arising under or related to cases under the Bankruptcy Code are automatically referred to bankruptcy judges, that reference may be withdrawn where a defendant can show cause. *See* 28 U.S.C. § 157(d). Among the causes for withdrawal are a bankruptcy court's lack of constitutional authority to enter final judgments on the claims at issue and the Seventh Amendment right to a jury trial on claims brought against the defendant.

"The Seventh Amendment protects a litigant's right to a jury trial if a cause of action is legal in nature and involves a matter of 'private right.'" *In re: Kelley*, No. 16-CV-00756-MSK, 2016 WL 3475196, at *3 (D. Colo. June 27, 2016) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 n.4 (1989)). In the Tenth Circuit, a right to a jury trial constitutes "cause" for withdrawal where the bankruptcy court is not authorized to conduct a jury trial. *Id.* at *3 n.3. 28 U.S.C.A. § 157(e) provides that a bankruptcy judge may conduct a jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all parties.

Additionally, the Supreme Court has made clear that bankruptcy courts lack constitutional authority to enter final judgments on claims concerning private rights or deriving from common law that would not necessarily be resolved in the claims allowance process. *See Stern v. Marshall*, 564 U.S. 462 (2011) (holding that Congress had improperly granted to non-Article III bankruptcy courts the authority to enter final judgment on state law counterclaims asserted by debtors, where such claims would not be resolved in ruling on creditors' proofs of claim and did not fall within the limited "public rights" doctrine); *see also Granfinanciera*, 492 U.S. 33 (holding that a fraudulent conveyance action filed on behalf of a bankruptcy estate against a noncreditor in a bankruptcy proceeding did not fall within the limited "public rights" doctrine). Such authority is reserved for Article III courts.

**B.     ANALYSIS**

In the instant case, Movants do not consent to a jury trial before the Bankruptcy Court and they are entitled to a jury trial on all of the Debtor's claims against them.[1] Therefore, Movants' timely demand for a jury trial is cause for withdrawal of the reference to the Bankruptcy Court. *See In re: Kelley*, 2016 WL 3475196, at *3.

---

[1] The Debtor seeks damages on its state law claims for fraudulent misrepresentation, negligent misrepresentation, civil conspiracy, and unjust enrichment brought against Movants. Movants are entitled to a jury trial on those claims under common law. *See Ross v. Bernhard*, 396 U.S. 531, 533 (1970) ("The Seventh Amendment, for example, entitled the parties to a jury trial in actions for damages to a person or property, for libel and slander, for recovery of land, and for conversion of personal property."). Movants are also entitled to a jury trial on Debtor's claims against them for fraudulent transfers. *In re Aichinger*, No. 15-CV-00188-RBJ, 2015 WL 790536, at *1 (D. Colo. Feb. 23, 2015) (citing *Granfinanciera*, 492 U.S. at 43–46); *In re Richardson,* No. 12-CV-00911-WYD, 2012 WL 5458860, at *2 (D. Colo. Nov. 8, 2012).

In addition, Movants are constitutionally entitled to have an Article III court make the determination of whether the Debtor's claims against them can be decided as a matter of law. The relevant claims involve private rights, function only to augment the bankruptcy estate, and are independent of the claims allowance process. Further, Movants have not made claims against the Debtor's estate. Therefore, under *Stern*, 564 U.S. 462, and *Granfinanciera*, 492 U.S. 33, the Bankruptcy Court lacks jurisdiction to enter final judgment on these claims and final judgment must be entered by an Article III court.

On the other hand, the Court concludes that the Bankruptcy Court is in the best position to handle all pretrial matters in this case. As such, the Court adopts the well-established practice in the District of Colorado of withdrawing the automatic reference and remanding the action to the Bankruptcy Court to handle all pretrial matters.[2] *See, e.g., In re Richardson*, No. 12-CV-00911-WYD, 2012 WL 5458860, at *2 (D. Colo. Nov. 8, 2012); *In re M&L Bus. Mach. Co.,* 159 B.R. 932, 935 (D. Colo. 1993). As Judge Daniel recognized in *In re Richardson* and Movants argue here, withdrawing the automatic reference and remanding pretrial proceedings to the Bankruptcy Court is the most efficient, economical, and practical way of administering a case of this kind. 2012 WL 5458860, at *2.

---

[2] Movants ask the Court to remand this action to the Bankruptcy Court to conduct "all pretrial proceedings, including the approval of a pretrial order, subject to the submittal of a report and recommendation to the District Court on all dispositive matters." (Doc. # 9 at 8.) *Stern*, 564 U.S. 462, clarified that bankruptcy courts lack constitutional jurisdiction to enter final judgments on certain claims. Under *Stern*, an Article III court must decide any dispositive motions on the claims against Movants. Therefore, the Court will review dispositive rulings by the Bankruptcy Court upon timely objection by either party. *See In re Aichinger*, 2015 WL 790536, at *2 (remanding all pretrial matters, "with dispositive rulings on non-core matters subject to review by this Court upon timely objection by either party").

### III.  CONCLUSION

For the foregoing reasons, the Motion of Defendants Mingsu Li and Jun Li to Withdraw Automatic Reference to the Bankruptcy Court, Jury Demand, and Reservation of Rights (Doc. # 1) is hereby GRANTED. It is

FURTHER ORDERED that this matter is REMANDED to the Bankruptcy Court to consider and determine all pre-trial matters, subject to the submittal of a report and recommendation to the District Court on all dispositive matters. It is

FURTHER ORDERED that once all pretrial matters are completed (including entry of the final pretrial order), this Court will schedule and conduct a jury trial on the merits.

DATED: May 26, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge